

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-26-2008

# USA v. Smith

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1144

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Smith" (2008). *2008 Decisions.* Paper 1524.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1524

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 07-1144

UNITED STATES OF AMERICA

v.

CHARLES SMITH,

Appellant

---

On Appeal from the United States District Court
for the Middle District of Pennsylvania
Crim. No. 05-CR-432
District Judge: The Honorable Thomas I. Vanaskie

---

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
February 14, 2007

Before: SLOVITER, and SMITH, *Circuit Judges*,
DIAMOND, *District Judge*[*]

(Filed: February 26, 2008 )

---

[*]The Honorable Gustave Diamond, Senior District Judge for the United
States District Court for the Western District of Pennsylvania, sitting by
designation.

OPINION

SMITH, *Circuit Judge.*

On November 1, 2005, a grand jury returned a ten count indictment against Charles Smith. On June 24, 2006, Smith executed a plea agreement in which he agreed to plead guilty to count seven of the indictment and the government agreed to dismiss the other nine counts of the indictment. Count seven charged Smith with violating 18 U.S.C. § 2423(b) by traveling in interstate commerce with the intent to engage in illegal sexual conduct. Smith also executed a Statement of Defendant, which recited his understanding of the charge to which he was going to plead guilty and the consequences attendant to that plea. On July 21, 2007, Smith pleaded guilty to count seven and the District Court for the Middle District of Pennsylvania found that Smith's guilty plea was made knowingly and voluntarily. The District Court sentenced Smith on January 5, 2007 to 120 months of imprisonment. This timely appeal followed.[1]

Smith contends that his conviction should be vacated because his plea of

---

[1]The District Court exercised jurisdiction pursuant to 18 U.S.C. § 3231. We exercise jurisdiction under 28 U.S.C. § 1291.

guilty was not made knowingly and voluntarily. Although Smith asserts in his appellate brief that he moved to withdraw his guilty plea, no such motion appears on the docket. Accordingly, in the absence of an objection before the District Court, "we review the adequacy of the plea colloquy for plain error." *United States v. Lessner*, 498 F.3d 185 (3d Cir. 2007).

Smith asserts that his plea was neither knowing nor voluntary. He asserts that he was confused, pointing out that he only "generally" agreed with the prosecution's recitation of the evidence in the case, and that he denied any improper touching. Smith also contends that his plea was involuntary as a result of, *inter alia*, the pressures imposed by his family and his financial limitations. After a careful review of the record in this case, we conclude that the able District Judge complied with the requirements of Federal Rule of Criminal Procedure 11(b) and obtained sufficient information from Smith to determine that he was knowingly and voluntarily pleading guilty to the offense charged. Although Smith may have denied engaging in any improper touching, he did admit that he traveled in interstate commerce with a teenager with the intention of engaging in sexual activity. This was sufficient to demonstrate his understanding of the law in light of the facts, and to establish a factual basis for his plea. Accordingly, we find no error, plain or otherwise, which would render Smith's guilty plea infirm.

We will affirm the judgment of the District Court.